## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SEP 25 2025 PM3:20
FILED - USDC - FLMD - TPA

| | |
|---|---|
| **SANDRA CARDENAS,** | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) **CASE NO.** 8:25-cv-02600-TPB-CPT |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.,** | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

**COMES NOW** the Plaintiff, and for her Complaint against Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681–1681x et seq.

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be


TPA73022
$405

1

denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiffs note, the disclosure and summary-of-rights requirements are designed to protect consumers' interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

5. Under the Fair Credit Reporting Act (FCRA), specifically 15 U.S.C. § 1681, a **credit file** (often referred to as a "consumer file") encompasses information maintained by a consumer reporting agency (CRA) about a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. This information is used or expected to be used for purposes such as evaluating eligibility for credit, employment, insurance, or other permissible purposes. Here's a breakdown of what typically encompasses a credit file pursuant to the FCRA.

   a. Identifying Information:

      i. Name (current and former names or aliases);

      ii. Current and previous addresses;

      iii.  Social Security Number;

      iv.  Date of birth; and

      v.  Phone numbers associated with the consumer.

b.  Credit Account Information:

      i.  Details of credit accounts, such as credit cards, mortgages, auto loans, and other debts;

      ii.  Account status (open, closed, current, delinquent, etc.);

      iii.  Credit limits or loan amounts;

      iv.  Payment history, including on-time payments, late payments, or defaults; and

      v.  Balances owed on accounts.

c.  Public Records:

      i.  Bankruptcies, foreclosures, liens, or judgments; and

      ii.  Other legal actions that may impact creditworthiness.

d.  Collection Accounts:

      i.  Information about accounts that have been sent to collection agencies due to non-payment.

e.  Inquiries:

      i.  Records of entities (e.g., lenders, employers) that have accessed the consumer's credit file;

      ii.  Distinction between "hard inquiries" (e.g., applying for credit) and "soft inquiries" (e.g., pre-qualification checks or account reviews).

    f.   Other Relevant Information

        i.  Employment history (in some cases, if provided by the consumer or furnishers); and

       ii.  Any consumer statements or disputes filed regarding inaccuracies in the credit file.

6. Experian violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by failing to ensure the accuracy and completeness of trended data in Plaintiff's consumer credit report, failing to disclose all information contained in Plaintiff's file upon request, and failing to conduct a reasonable reinvestigation of disputed inaccurate trended data.

7. Experian's own marketing materials, published on its website (https://www.experian.com/business/solutions/advanced-analytics/trended-data) emphasize that trended data is vital for lenders to "gain deeper insights into customers to better assess their creditworthiness" and that "using trended data in scoring models can provide greater lift" than traditional credit attributes alone. Yet, despite this acknowledgment, Experian failed to ensure the accuracy and completeness of trended data in Plaintiff's credit file, refused to disclose the full trended data when requested, and neglected to properly reinvestigate Plaintiff's disputes.

8. Experian, as a consumer reporting agency ("CRA"), has a statutory duty under 15 U.S.C. § 1681e(b) to follow reasonable procedures to ensure the maximum possible accuracy of information in consumer credit reports. Under 15 U.S.C. § 1681g(a)(1),

Experian must disclose all information in a consumer's file upon request. Additionally, under 15 U.S.C. § 1681i, Experian is required to conduct a reasonable reinvestigation when a consumer disputes the accuracy or completeness of information in their credit report.

9. Experian failure to ensure the accuracy and completeness of trended data, failure to disclose all information in Plaintiff's file, and failure to reasonably reinvestigate Plaintiff's disputes have caused significant harm to Plaintiff's creditworthiness, resulting in both economic and non-economic damages.

10. Experian employees are located overseas and routinely spend less than 15 minutes addressing Plaintiff's disputes.

11. The ACDV forms and Metro 2 communications will confirm the presence of incomplete and inaccurate information

12. Further, Experian failed to provide a complete copy of Plaintiff's consumer file upon request, refused to attach Plaintiff's consumer statement to her file, and did not disclose its method of verification when asked.

## THE FAIR CREDIT REPORTING ACT (FCRA)

13. The FCRA was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information ..." 15 U.S.C. § 1681(b); Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47,

127 S.Ct. 2201, 2205 (2007). The Congressional findings noted that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities of fairness, impartiality, and respect for the consumer's right to privacy."

14. Consumer Reporting Agencies ("CRA's) such as Defendants are not allowed to report false, incomplete, or unverifiable information. If a consumer realizes that there is false or incomplete information on their credit report, they have the right to dispute this with the CRA and are entitled to a reasonable investigation which must correct the inaccurate or incomplete information or delete the account if it is found to contain inaccurate or incomplete information or cannot be verified for accuracy. If the CRA can't figure it out on its own, it has to completely notify the creditor or "furnisher" of the information so that the furnisher can conduct its own investigation into the consumer's dispute and report back to the CRA. If after that investigation, the information is still inaccurate or incomplete, or if it can't be verified, the CRA must delete such information or update the information.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

16. Venue is proper in the United States District Court for the Northern District of Texas under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant regularly conducts business in this District.

6

## PARTIES

17. Plaintiff, Sandra Cardenas (hereinafter "Plaintiff"), is a natural person.

18. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. Defendant Experian is a foreign corporation and is a "person" as defined by 15 U.S.C. § 1681a(b).

20. Defendant Experian Information Solutions, Inc ("Experian") is a foreign limited liability company formed in Delaware and registered to do business in the State of Texas.

21. Experian's principal office address is 475 Anton Blvd, Costa Mesa, CA 92626.

22. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

23. Defendant Experian is a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f), regularly conducting business within jurisdiction.

## FACTUAL ALLEGATIONS

24. Consumer reporting plays a critical role in modern financial life.

25. Individuals like Plaintiff have no meaningful control or prevent companies such as Experian collect and disseminate information about them to other companies typically known as "Subscribers" of credit reports.

26. Subscribers are often referred to as "Furnishers" because, under the core terms of the "Subscriber Agreement" with consumer reporting agencies (CRAs), their responsibilities extend beyond merely purchasing consumer information. They are

also obligated to supply the CRA with the same categories of data regarding all consumers with whom they engage in business. This continuous furnishing of information is the mechanism by which CRAs acquire personal data and generate ongoing revenue.

27. Given this reality, Plaintiff is entitled to expect that any information reported is accurate, complete, and fairly represents her credit history.

28. Experian is prohibited from reporting information that is false or misleading, including incomplete entries.

29. Because inaccurate information can significantly impair an individual's ability to obtain loans, employment, housing, and security clearances, the integrity of credit reports is of paramount importance.

30. Plaintiff, like all other consumers in America, has no choice about whether private, for-profit companies like Defendant Experian collect and sell information about them to "users" of credit reports.[1]

## The Dispute Method of Correcting False/Incomplete Information Under The FCRA

31. The FCRA allows consumers to dispute inaccurate, incomplete, or unverified information in their consumer reports, ensuring the integrity and fairness of the credit reporting system.

---

[1] There are some technical differences in consumer reports and consumer disclosures but in this Complaint Plaintiff will use the common industry term of "credit report" which is also used in the official site to pull your free reports at www.AnnualCreditReport.com that the Federal Government forced the three credit bureaus -- Innovis, Experian, and Trans Union – to set up for consumers.

32. When a consumer identifies such errors, they may initiate a dispute directly with the consumer reporting agency (CRA), such as Experian. Disputes can be made through multiple channels — including by mail, online platforms, by telephone, or via fax.

33. The CRA, such as Experian, is legally obligated to conduct a reasonable reinvestigation itself to determine whether the disputed information is accurate.

34. As part of this process, Defendant Experian must also promptly notify the furnisher(s) of the consumer's dispute within the time limits set forth as by FCRA under 15 U.S.C. § 1681i(a)(2)(A).

35. If the information is found to be inaccurate, incomplete, or unverifiable, Defendant Experian must correct the account or delete it from the consumer's file.

36. Failure to conduct a proper investigation or to correct erroneous information violates multiple provisions of the FCRA.

**March 2025 Consumer Disclosure**

37. On or about March 21st, 2025, Plaintiff requested a copy of her consumer credit disclosure from Experian.

38. Pursuant to 15 USC 1681g(a), upon receipt of Plaintiff's request, Experian was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of her request, with the limited exception that his Social Security Number could be truncated upon request.

39. Experian provided an electronic copy of Plaintiff's consumer disclosure via annualcreditreport.com.

**Incomplete Account Numbers, Incomplete Account Information, and Incomplete Payment History**

40. Experian omitted the full account numbers, missing account information, and payment history relating to the following tradelines: **PNC Bank, First Option Mortgage, LLC, Conn Credit Corp, Truist Bank, University of South Florida (2), Chrysler Capital Credit Bureau Disputes, US Dept of HUD, US Dept of the Treasury, Ally Financial, Capital One Bank USA NA (2), Apple Card, Discover Card (2), Bank of America, SyncB/Amazon PLCC, GS Bank USA-General Motors, and NASA FCU**—making matters worse and even more confusing to the Plaintif.

41. Upon information and belief, the data furnisher reported the full account numbers, missing account information, and payment history belonging to their respective accounts to Experian.

42. This information was contained within Experian's file regarding Plaintiff at the time of her request.

43. When Experian produces and sells reports regarding Plaintiff to third parties, the full account numbers, missing account information, and payment history are included in their reports.

44. Experian demonstrates their ability to comply with 15 USC 1681g(a) when it reports the information to third parties accurately and completely.

45. Experian breached its duty to Plaintiff having to disclose ALL of the information regarding the Plaintiff accounts by failing to provide the account numbers, missing

account information, and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in his file.

46. Without access to this information, a consumer is left either trying to piece things together like a detective or blindly guessing whether their report is accurate.

47. Upon information and belief, the data furnishers referenced above reported full account numbers, incomplete account details, and payment histories to Experian, and this information was part of Experian's file on Plaintiff at the time she requested her consumer disclosure.

48. Due to widespread systemic issues, Experian's automated systems routinely omit all but the last two or four digits of account numbers reported by data furnishers.

49. Experian is aware of this issue but has failed to take any meaningful steps to correct it.

50. Experian's failure to disclose full account numbers violates the FCRA's mandate that a consumer reporting agency clearly and accurately disclose all information contained in a consumer's file. See *Washington v. Equifax Info. Servs. LLC*, No. 3:19-cv-00154, 2019 WL 2492006, at *4 (M.D. Tenn. June 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

51. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff would have acted on the received information. Therefore, Article III requirement of injury-in-fact [was] satisfied.

52. The lack of accurate and complete account numbers caused Plaintiff significant frustration and emotional distress as she attempted to understand her credit report and reconcile it with her own records.

53. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000, "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear'_ disclosure of all information "in the file". *See Exhibit B*.

54. Experian's omission the full account numbers severely hinders a consumer's ability to comprehend their credit disclosure, identify the accounts, and accurately match them to their personal records.

55. Upon information and belief, Experian disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

56. Upon information and belief, this same template is used virtually every time a consumer requests their file from Experian through www.annualcreditreport.com.

57. Upon information and belief www.annualcreditreport.com is the location where majority of consumers obtain their Experian credit disclosure.

58. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, missing account information and incomplete payment history.

59. Thus, every consumer with accounts appearing with incomplete information in their disclosure who requested their disclosure from Experian through www.annualcreditreport.com since the template's use began received an incomplete consumer disclosure with the same errors as Plaintiff.

60. Experian's errors has therefore likely affected thousands of consumers.

61. Experian has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

62. Experian's knowing and repeated conduct warrants an award of punitive damages.

63. Experian's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

64. Plaintiff has a right to a full and complete disclosure of the contents of her file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j

65. Experian's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived her of this right.

**Plaintiff Disputed Errors but the False/Incomplete Information on the Accounts Was Not Corrected or Deleted by Defendant Experian**

66. On or about April 4th, 2025, Plaintiff sent to Defendant Experian a written dispute letter related to the Accounts.

67. The Accounts were clearly described and identified.

68. Plaintiff's disputes to Defendant Experian included a copy of Plaintiff's valid Government Identification with a date of birth.

69. Plaintiff's disputes to Defendant Experian included a copy of Plaintiff's valid Proof of Address.

70. Plaintiff's disputes to Defendant Experian included a copy of Defendant Experian's own credit report about Plaintiff with a unique "Report Number" of the credit report that Defendant Experian produced.

71. It is unclear from Defendant Experian's response if it notified the furnishers of the Accounts, Plaintiff has contended that Defendant Experian failed to properly notify the furnishers; the details will come out in the deposition and written discovery of Defendant Experian.

**The Accounts at Issue**

72. Rather than correcting or removing the erroneous data, Experian continued to report the inaccurate and misleading information.

73. Plaintiff disputed a number of accounts on Plaintiff's Experian credit report, especially including those listed below.

74. These accounts will be referred to as "Accounts" in this Complaint:

    a.  CONN APPLIANCES INC *9279;

    b.  PNC BANK, N.A. *7611;

    c.  TRUIST BANK *6830;

    d.  USF FED CREDIT UNION *3681;

    e.  ALLY FINANCIAL *4903;

    f.  CAPITAL ONE BANK USA NA *9361;

    g.  CAPITAL ONE BANK USA NA *6187;

    h.  APPLE CARD – GS BANK USA *6139;

    i.  DISCOVER CARD *0088;

    j.  BANK OF AMERICA *5599;

    k.  DISCOVER CARD *2915;

    l.  SYNCB/AMAZON PLCC *5732;

    m.  GS BANK USA-GENERAL MOTORS *9575; and

    n.  NASA FCU *0900.

**Experian's Failure to Properly Investigate**

75. Experian's investigations were negligently, recklessly, and willfully deficient as required under the FCRA and thereby refused to correct and/or delete the incorrect and/or incomplete personal information of Plaintiff.

76. Despite describing the Accounts in detail with errors described in detail showing in words and in markings on the credit report pages (included with the dispute letter), Experian failed to perform even a cursory review of the dispute.

77. Had Experian conducted a reasonable investigation, the erroneous data would have been corrected or removed.

78. Defendant Experian has allowed users to access Plaintiff's credit reports before the dispute, during the dispute time period, and even after the investigations (if any) by Defendant Experian were concluded.

79. Defendant Experian refused not only to properly investigate under Section 1681i but also refused to remove the Accounts under Section 1681e(b) which is the maximum possible accuracy Section of the FCRA.

80. The FCRA prohibits Accounts with inaccurate, incomplete, unverifiable, or contradictory information from remaining on credit reports, similar to how obsolete accounts, even if owned by consumers, are prohibited after the allowed time period.

81. Certainly, after Plaintiff notified Defendant Experian, it knew the Accounts should not and could not remain on Plaintiff's credit reports unless corrected.

82. Defendant Experian, knowingly, allowed inaccurate, incomplete, unverifiable, and contradictory accounts on the Plaintiffs credit reports, creating misleading information that would likely mislead users into believing the Accounts were properly reported. These Accounts were legally required to be deleted, but Experian allowed them to remain on the Plaintiff's credit reports.

**Defendant Experian Refused to Provide Plaintiff with a Full File Disclosure
as Required by Section 1681g of the FCRA**

83. Plaintiff requested a full file disclosure pursuant to Section 1681g of the FCRA from Defendant Experian.

84. Plaintiff upon information and belief, has not received all of Defendant's credit files or all of the information contained in those credit files.

85. Defendant Experian knows that a full file disclosure is more than what is provided in a consumer report or a credit report – it is all the information the credit bureau has on the consumer.

86. Defendant Experian refused to give this to Plaintiff.

87. The law is very simple under Section 1681g - provide everything to Plaintiff that is in Plaintiff's file.

88. Defendant Experian refused to provide all the data contained in its files.

89. As one simple example, there are numerous accounts with missing data, even though Defendant Experian has this data.

90. Defendant Experian has denied Plaintiff access to all of the information in Plaintiff's file that is obligated to be given to Plaintiff in accordance with Section 1681g.

91. Plaintiff is therefore unable to monitor the disclosure of credit information to third parties for errors or inaccuracies and unable to compare the information provided with Plaintiff's own records and statements.

**Experian Refused to Accept Plaintiff's Consumer Statement as Required by
Section 1681i**

92. Pursuant to his right under the FCRA Sections 1681i(a)(6)(b)(iv) and 1681i(b), Plaintiff asked Defendant Experian to please include Plaintiff's 100-word statement in Plaintiff's credit report with respect to each of the disputed accounts.

93. Defendant Experian did not include Plaintiff's 100-word statement in Plaintiff's credit report with respect to each of the disputed accounts.

94. Defendant Experian has no right to refuse to do this as Plaintiff met the requirements under Section 1681i.

95. The defendant Experian declined to provide the plaintiff with an explanation of the reason behind the defendant's illegal actions.

**Experian Refused to Provide Plaintiff with the Method of Verification and/or Description of Procedure Used to Determine Accuracy and Completeness as Required by Section 1681i.**

96. Pursuant to her right under the FCRA Section 1681i(a)(7), Plaintiff asked Defendant Experian to please provide a description of the procedure used to determine the accuracy and completeness of the information of the information in Plaintiff's report.

97. Defendant Experian declined to do so.

98. Since Plaintiff complied with Section 1681i criteria, Defendant Experian has no authority to refuse to accomplish this.

99. Defendant Experian declined to provide Plaintiff with an explanation of the reason behind this type of legal violation.

**Plaintiff's Damages as a Result of Defendant Experian's Actions**

100.    As a result of Defendant Experian' actions, omissions, and inaction, Plaintiff suffered actual damages including anxiety, emotional distress, anguish, humiliation, embarrassment, mental and emotional pain, as well as physical manifestations of these emotional states, economic losses such as; diminished creditworthiness, loss of ability to purchase and benefit from credit, increased costs for credit and abusive invasions of personal privacy.

101.    All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

102.    Every action (and inaction) made by any of Defendant Experian's employees or agents was taken within the parameters of their respective employment or agency relationships.

### CLAIMS FOR RELIEFS

### COUNT I
### VIOLATIONS OF THE FCRA
### 15 U.S.C §1681e(b)

103.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

104.    Plaintiff alleges that at all relevant times Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports.

105.    The same is true about the inaccurate and/or incomplete personal information of Plaintiff.

19

106.    Before, during, and after the dispute and any investigation, users of Plaintiff's credit reports routinely accessed Plaintiff's credit reports from Defendant Experian.

107.    Because Defendant Experian refused to make the Accounts accurate and complete or to remove them, these users were able to get copies of Plaintiff's credit reports that contained inaccurate, incomplete, and unverified information about the Accounts.

108.    Plaintiff notified Defendant Experian directly of a dispute on the Accounts' completeness and accuracy.

109.    All actions taken by Defendant Experian were done with negligence.

110.    Defendant Experian committed all of its acts willfully, maliciously, and with the intent to cause harm to Plaintiff, knowing that its actions would likely cause Plaintiff harm, violating the FCRA, or knowing or should have known that its actions were in reckless disregard of the FCRA.

111.    All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

112.    All the activities of Defendant Experian have directly resulted in past and future financial losses for Plaintiff, harm to Plaintiff's credit and creditworthiness, mental and emotional distress for Plaintiff, and other damages that will be brought before the trier of fact.

113.    Defendant's conduct was willful, rendering Defendant Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n. In the alternative Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## COUNT II
## VIOLATIONS OF THE FCRA
### 15 U.S.C § 1681g(a)

114.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

115.     Defendant Experian violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of Plaintiff's request for that information.

116.     Defendant Experian committed all of its acts willfully, maliciously, and with the intent to cause harm to Plaintiff, knowing that its actions would likely cause Plaintiff harm, violating the FCRA, or knowing or should have known that its actions were in reckless disregard of the FCRA.

117.     All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

118.     All the activities of Defendant Experian have directly resulted in past and future financial losses for Plaintiff, harm to Plaintiff's credit and creditworthiness, mental and emotional distress for Plaintiff, and other damages that will be brought before the trier of fact.

119.     Defendant's conduct was willful, rendering Defendant Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n. In the alternative Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**COUNT III**
**VIOLATIONS OF THE FCRA**
**15 U.S.C § 1681i**

120.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

121.    Plaintiff notified Defendant Experian directly of a dispute on the Accounts' completeness and accuracy.

122.    Defendant Experian did not properly notify the furnishers of the Accounts of the dispute as required by the FCRA and this violates 15 U.S.C. § 1681i.

123.    According to a number of sources, including the CFPB, Plaintiff, Defendant Experian's internal documents and research, and additional sources that will be revealed during discovery, Defendant Experian knew the furnishers of the Accounts were untrustworthy.

124.    Defendant Experian repeatedly violated 15 U.S.C. § 1681i by neglecting to carry out a reasonable reinvestigation to ascertain whether the disputed information is incomplete or inaccurate and by neglecting to either remove the item from the Plaintiff's credit files or correct the incomplete or inaccurate information.

125.    Following investigation (if any) conducted by Defendant Experian, users of Plaintiff's credit reports were able to receive Plaintiff's credit reports from Defendant Experian.

126.    Due to Defendant Experian's refusal to amend or remove the Accounts, these users were able to obtain copies of Plaintiff's credit reports that contained inaccurate, lacking, and unconfirmed information about the Accounts.

127.    Plaintiff alleges that Defendant Experian failed to conduct a proper and lawful reinvestigation.

128.    Defendant Experian made the disputed information even more inaccurate and/or incomplete instead of increasing the accuracy and completeness of it.

129.    The same is true about the inaccurate and/or incomplete personal information of Plaintiff.

130.    Defendant Experian refused to add Plaintiff's consumer statement to Plaintiff's file, violating 15 U.S.C. § 1681i.

131.    Defendant Experian refused to provide the method of verification which Plaintiff requested, violating 15 U.S.C. § 1681i.

132.    Defendant Experian committed all of its acts willfully, maliciously, and with the intent to cause harm to Plaintiff, knowing that its actions would likely cause Plaintiff harm, violating the FCRA, or knowing or should have known that its actions were in reckless disregard of the FCRA.

133.    All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

134.    All the activities of Defendant Experian have directly resulted in past and future financial losses for Plaintiff, harm to Plaintiff's credit and creditworthiness, mental

and emotional distress for Plaintiff, and other damages that will be brought before the trier of fact.

135.   Defendant's conduct was willful, rendering Defendant Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A.   Judgment for the violations occurred for violating the FCRA;

B.   Actual Damages;

C.   Statutory damages;

D.   Costs and fees pursuant to 15 U.S.C. § 1681n and 1681o;

E.   For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**Sandra Cardenas**
5438 N River Shore Dr
Tampa FL 33603
Slcardenas5@gmail.com
(8130) 820-8028